UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEAN M. SAIS,

    Plaintiff,

vs.                                         Case No. 3:09-cv-1075-J-32MCR

BLAND & ASSOCIATES, INC., et al.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the parties' Notice of Settlement and Joint Motion for Approval of Settlement (Doc. 15) filed April 8, 2011. The Motion was referred to the undersigned for a Report and Recommendation by Order dated April 13, 2011. (Doc. 16).

In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the Fair Labor Standards Act ("FLSA") may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Id. at 1353. Here, the parties have reached a settlement. Initially, the Court notes that Plaintiff is no longer represented by counsel and it appears his counsel withdrew prior to the settlement. Accordingly, the undersigned will scrutinize the settlement with that in mind.

-1-

The Motion does not specify whether the settlement is compensating Plaintiff for all alleged hours of overtime worked or whether Plaintiff is compromising his claims. The Court notes that Plaintiff provided an Affidavit (Doc. 14) in which he stated he was seeking compensation for 1,539 hours of overtime. The Court has no information from which to determine what dollar amount would correspond to 1,536 hours of overtime. Accordingly, in an abundance of caution, the Court directs the parties, no later than **Monday, April 25, 2011**, to provide a supplement to their Motion and indicate each party's estimate of Plaintiff's hourly wage and the number of unpaid hours worked to establish a range for Plaintiff's potential recovery. The undersigned believes that even if Plaintiff has compromised his claim, the parties have established the existence of a bona fide dispute, however, the requested information is necessary for the Court to confirm that the settlement is a "**fair and reasonable** resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355 (emphasis added).

The parties have attached a copy of their proposed settlement agreement to the Motion and the Court has reviewed it. The Court notes that it contains a provision in which Plaintiff agrees to release Defendant from numerous unrelated claims. (Doc. 15, Ex. A, ¶4). Indeed, the provision states that the parties agree "not to sue each other for any matter whatsoever that has occurred up to the date of this agreement." Id. This Court has determined that such pervasive releases are "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer."

Moreno v. Regions Bank, 729 F.Supp.2d 1346, 1351-52 (M.D. Fla. 2010).  As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny."  Id. at 1352.

Because the remainder of the settlement agreement appears reasonable, rather than recommend denial of the instant motion outright, the Court will provide the parties with an opportunity to file a revised proposed settlement agreement which does not contain a general release.  The parties should file this revised proposed settlement agreement along with the information requested above no later than **Monday, April 25, 2011**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this   18th   day of April, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record