UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEAN M. SAIS,

    Plaintiff,

vs.                                        Case No.  3:09-cv-1075-J-32MCR

BLAND & ASSOCIATES, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Amended Notice of Settlement and Joint Motion for Approval of Settlement (Doc. 18) filed April 22, 2011.  For the reasons set forth herein, it is respectfully recommended that the Motion be granted.

### I. INTRODUCTION

This case was brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201, *et. seq.*  On April 8, 2011, the parties filed their original Notice of Settlement and Joint Motion to Approve Settlement (Doc. 15) and on April 13, 2011, the district judge referred the matter to the undersigned to prepare a Report and Recommendation as to whether the proposed settlement is a "'fair and reasonable resolution of a bona fide dispute' over FLSA issues."  (Doc. 16) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982)).  The undersigned reviewed the

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Joint Motion and the proposed settlement agreement and directed the parties to file supplemental material as well as a revised proposed settlement agreement. (Doc. 17). In response, the parties filed the instant Amended Notice of Settlement and Joint Motion for Approval of Settlement (Doc. 18) along with a proposed amended settlement agreement.[2] After reviewing these materials, the undersigned believes the proposed settlement is due to be approved.

## II. ANALYSIS

In Lynn's Food Stores, 679 F.2d at 1352-55, the Eleventh Circuit explained that Congress made the FLSA's provisions mandatory and as such, they "are not subject to negotiation or bargaining between employers and employees" except in two narrow circumstances. Id. at 1352 (citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 902 (1945)). The two circumstances are: (1) claims in which an employee accepts payment of unpaid wages supervised by the Secretary of Labor pursuant to 29 U.S.C. §216(c) and (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. §216(b). Id. at 1352-53. In the second situation, where the parties to an FLSA action reach a settlement, the proposed settlement agreement must be scrutinized by the court and the court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.

---

[2] As the parties filed a new motion to approve settlement, the original motion (Doc. 15) was terminated and the undersigned will only consider the new motion (Doc. 18).

In the instant case, Plaintiff alleged Defendant violated the FLSA by failing to pay him overtime. (Doc. 1). According to the instant motion, Plaintiff claimed to be entitled to 1,539 hours of unpaid overtime for a total amount of $10,005.06. (Doc. 18). Additionally, Plaintiff claimed to be entitled to an equal amount for liquidated damages. Id. Defendant denied Plaintiff's allegations and specifically argued Plaintiff was exempt from the overtime requirements of the FLSA as he was an independent contractor. (Doc. 18). Additionally, Defendant argued Plaintiff only worked 664 hours of overtime during the relevant period and therefore, would only be entitled to $4,187.63 for unpaid overtime. Id. However, in an effort to avoid the costs and uncertainty of litigation, the parties reached a settlement of the matter. Under the proposed settlement, Plaintiff will receive $10,000.00 for unpaid overtime wages and $10,000.00 for liquidated damages. (Doc. 18, Ex. A). As Plaintiff is proceeding pro se, there are no attorneys' fees included in the settlement.

Having reviewed the proposed settlement agreement and the parties' assertions in the various filings, the Court agrees that the settlement is a fair and reasonable compromise of a bona fide dispute. Lynn's Food Stores, Inc., 679 F.2d at 1354-55. Pursuant to the settlement, Plaintiff will be compensated for the entire amount of overtime he claimed to be due, less ten dollars. Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

The parties' Amended Notice of Settlement and Joint Motion for Approval of Settlement (Doc. 18) be **GRANTED** and the settlement agreement be **APPROVED** by

the district court.  It is further respectfully recommended the case be **DISMISSED** with prejudice pursuant to the agreement of the parties and the Clerk be directed to close the file.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this __26th__ day of April, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record